UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-30200 |
| Plaintiff, | Thomas L. Ludington<br>United States District Judge |
| v. | |
| ETHAN JAMES PRILL, | Patricia T. Morris<br>United States Magistrate Judge |
| Defendant. | |

## ORDER OF COMMITMENT FOR TREATMENT

On May 29, 2024, this court ordered a competency examination of the Defendant pursuant to 18 U.S.C. § 4241(b) and 4247(b) and (c). (ECF No. 3.) That examination was completed with a report of the examination having been prepared by Dr. Kristin Conlon, Psy D., dated August 15, 2024, and submitted to the Court and counsel for the government and for Defendant.

A hearing on the issue was held on September 10, 2024, with Defendant appearing via videoconferencing for reasons stated on the record, and his counsel being present as well as counsel for the government. Both parties stipulated to the admission of Dr. Conlon's report and neither party offered any additional evidence as to Defendant's competency. Based on the opinion of Dr. Conlon that Defendant is unable to understand the nature and consequences of the proceedings against him, and that he is unable to assist properly in his defense, as well as the

undersigned's observations of Defendant in court and the comments of defense counsel, the undersigned determines that Defendant is not competent to stand trial at the present time.

As a result of such a determination and pursuant to 18 U.S.C. § 4241(d)(1), **IT IS ORDERED** that Defendant be committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable period of time, not to exceed four months, for the purpose of determining whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the proceedings to go forward.

**IT IS FURTHER ORDERED** that within the period of time authorized by this Order, or such additional reasonable period of time approved by the court pursuant to 18 U.S.C. § 4241(d)(2), the Attorney General must advise the Court whether Defendant's mental condition has so improved that trial may proceed. On receipt of that report, Defendant must be returned to this Court for a status conference and further determination as to Defendant's competency.

**IT IS FURTHER ORDERED** that the United States Marshals Service must promptly and expeditiously transfer Defendant to a suitable facility to be determined by the Attorney General, and that the United States Marshals Service must do this as quickly as reasonably possible so as to minimize the period during which Defendant must travel to, be confined in, and be returned from the facility

where such treatment will be conducted. The time period associated with this process, from the filing date of the Order for Psychiatric or Psychological Examination (ECF No. 3) through and including the date on which a final determination is made regarding whether Defendant has regained his competency to stand trial, is excluded under the Speedy Trial Act pursuant to the terms of 18 U.S.C. § 3161(h)(1)(A) and (h)(4).

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections must specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: September 10, 2024                S/PATRICIA T. MORRIS
                                        Patricia T. Morris
                                        United States Magistrate Judge