UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-30200 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | |
| ETHAN JAMES PRILL, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant.* | |
| _____/ | |

## ORDER DENYING EMERGENCY MOTION
### (ECF No. 18)

On September 10, 2024, this court entered an Order of Commitment for Treatment following a hearing. (ECF No. 17.) During the hearing, a report of the forensic examination prepared by Dr. Kristin Conlon, Psy D., dated August 15, 2024, was submitted to the Court based on both parties' stipulation. After examining the Defendant in court and based on the comments of defense counsel, the undersigned determined that Defendant was not competent to stand trial at the present time. Therefore, pursuant to 18 U.S.C. § 4241(d)(1), the court ordered that Defendant be committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable period of time, not to exceed four months, for the purpose of determining whether there is a substantial

probability that in the foreseeable future the Defendant will attain the capacity to permit the proceedings to go forward.

The instant emergency motion seeks to rescind Defendant's request for a competency evaluation and treatment, and to stay the Court's Order committing defendant for treatment to restore competency. (ECF No. 18.) The motion contends, based on observations of defense counsel, that "Mr. Prill is not competent to proceed because he is receiving the proper medication to address his mental health condition." (ECF No. 18, PageID.37.)

The instant motion also states that "counsel wishes to withdraw his prior motion for competency evaluation and treatment." (*Id*.) Of course, the matter of competency was previously decided after hearing and by Order of this court thus, the motion cannot be withdrawn since it was already decided.

As to the request for the court to rescind or stay its Order of Commitment for Treatment (ECF No. 17), the request cannot be granted because the requirements of 18 U.S.C. § 4241(e) have not been met. Under that subsection,

> [w]hen the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy to the defendant's counsel and to the attorney for the government. The court shall hold a hearing, conducted pursuant to the provisions of 4247(d), to determine the competency of the defendant.

The requirement of a certificate from the director of the facility has not been met here where the allegations are based solely on defense counsel's observations.

If a certificate from the director of the facility where Defendant is hospitalized is filed, then the court will conduct a hearing to determine the competency of the Defendant under the standards elucidated in 18 U.S.C. § 4241(e).

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections must specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: November 25, 2024             S/PATRICIA T. MORRIS  
                                                       Patricia T. Morris  
                                                       United States Magistrate Judge